W. M. SHORES v. E. D. WHITWORTH et al.

MOTION AGAINST OFFICER.   *Execution.*   *Insufficient return.*   The return upon an execution cannot be amended by one who has gone out of office.

FROM DAVIDSON.

Appeal in error from the Law Court of Nashville. J. C. GUILD, J.

M. M. BRIEN for Shores.

T. L. DODD for Whitworth.

FREEMAN, J., delivered the opinion of the court.

This is a motion made in the Law Court of Davidson county, against the sheriff for an insufficient return of an execution or executions, made by his then deputy. It is stated in the motion, that the execution was issued on the 1st of November, 1873, and went into the hands of the officer on the 3d day of November, 1873. The judgment in amount and date of rendition is described. It is added "also another on the 18th of February, 1874—both of which went into the hands of the sheriff or deputy as charged." The ground of the motion is shortly stated as follows: "On each of which you made no sufficient return, but made an insufficient return or no return."

This is certainly a very defective statement of a cause of action even in a motion. Passing from this, however, we notice the questions presented in the record. The court below dismissed the motion, and plaintiff appealed in error to this court.

The original return of the deputy sheriff is: "No personal property of defendant to be found in my county to satisfy this *fi. fa.* I therefore levy it, this 30th of December, 1873," upon certain real estate, describing it—and concludes with the statement, "levied too late to advertise and make sale, this December 30th, 1873."

It is not questioned, nor could it be, that under

our decisions, the return on its face is insufficient, but the deputy sheriff was permitted to amend the return before the motion was actually made, but after notice This was in time, if no other objection appears. It appears, however, that he had gone out of office, before the time when he was allowed to make the amendment referred to.

The question is, whether the deputy sheriff can properly make such amendment in favor of his principal, or at all, after he has gone out of office?

We think this would be going farther than any of our cases warrant, or is demanded by sound principle. When made by the officer while in office, it is allowed on the ground that he acts under his official responsibility, and the sanction of his official oath. This cannot be the case after he has gone out of office.

The case of amendment of certificate of acknowledgment of a deed, such as *Vaughn* v. *Carlisle*, 2 Lea, 525, where a clerk was permitted to amend under sec. 2082 of the Code, is a ruling under that statute, allowing the amendment to be made at any time, by complying with the directions of the statute, by making oath to the truth of the correction in open court. The provisions of that section do not apply to the case before us.

The judgment of the court below must be reversed, and judgment rendered here for the insufficient return, with damages as authorized by law.